UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-10013-CR-MARTINEZ

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DREW ALEXANDER YOUNG,

      Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

Defendant Drew Alexander Young, through counsel and pursuant to U.S.S.G. § 6A1.2 and Administrative Order 95-2, does hereby submit his objections to the Pre-sentence Investigation Report which was prepared in connection with this case.

1. **Offense Level Computation, ¶ 34:**

Defendant respectfully objects to a four-level enhancement to his sentencing guideline calculation pursuant to U.S.S.G. § 2G2.1(b)(4). This section provides for a four-level enhancement to the base offense level: "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence."

Defendant believes that the Pre-sentence Report relies upon the content of materials which were recovered from video files in which Defendant purportedly had conversations in KIK Messenger group chats during which photographs and videos were exchanged; however, the *offense* to which Defendant pled guilty in this case is that he did use, persuade,

induce, entice, and coerce a minor to engage in sexually explicit conduct for purposes of producing a visual depiction of such conduct and that the visual depiction and the materials used to produce that depiction traveled in interstate commerce.

The offense to which Defendant pled guilty and the visual depictions which resulted from this conduct did not involve sadistic or masochistic conduct or other depictions of violence. Although other images which were seized by the agents in connection with this case arguably *may* qualify for the enhancement, the acts which are attributed to Defendant regarding victims "A.L.B," and " R.R.C." and the images resulting from that conduct do not qualify for this specific enhancement. See *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002) ("a photograph is sadistic within the meaning of § 2G2.2(b)(4)[1] when it depicts the subjection of a young child to a sexual act that would have to be painful.") See also *United States v. Maurer*, 639 F.3d 72, 79 (3d Cir. 2011) ("We join other circuits in holding that the application of § 2G2.2(b)(4) is appropriate where an image depicts sexual activity involving a prepubescent minor that would have caused pain to the minor.")

In this case, it is apparent that certain video files and photographs were discovered which may involve materials which might qualify for the four-level enhancement; however the production offense for which Defendant stands convicted pertaining to two specific minors, did not involve conduct which qualifies for this enhancement.

---

[1]Although the *Bender* case makes reference to an alternate section of the Federal Sentencing Guidelines, § 2G2.2(b)(4) also provides for a four-level enhancement if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

Accordingly, Defendant respectfully requests that the four-level enhancement which is contained in PSI paragraph 34 be eliminated.

2.     **Adjusted Offense Level (subtotal), ¶ 38:**

If Defendant's objection number one is sustained, this paragraph should provide for a total offense level of 36.

3.     **Guideline Calculation, ¶¶ 39 - 46:**

As to ¶ 39 (Multiple Count Adjustment), if Defendant's objection number one is sustained, group number one (a) will remain at an adjusted offense level of 34 and receive one unit under the grouping rules. Group 1(b) will now provide for an adjusted offense level of 36 and will also receive one unit under the grouping rules. The total number of units will be two. The greater of the adjusted offense levels above (PSI ¶ 40) will be 36. The increase in offense level, (PSI ¶ 41) will be two. The combined adjusted offense level, (PSI ¶ 42) will be 38. Finally the total offense level, (PSI ¶ 46) will be 35.

4.     **Guideline provisions, ¶ 74:**

If Defendant's objection number one is sustained, this paragraph should provide for a total offense level of 35, a criminal history category of I, and a guideline imprisonment range of 168 to 210 months; however, this range will become 180 - 210 months pursuant to U.S.S.G. § 5G1.1(c)(2) ("… The sentence may be imposed at any point within the applicable guideline range, provided that the sentence- ... (2) is not less than any statutorily required minimum sentence).

### Defendant's Request for Consideration of a Variance
### from Advisory Sentencing Guideline Range[2]

Defendant respectfully requests that this Court consider a downward variance from the advisory sentencing guidelines pursuant to 18 U.S.C. § 3553(a). This section provides that in determining the particular sentence to be imposed, the court shall consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner....

In this case, the individual before this Court is a first offender. Defendant enjoyed an unblemished childhood during which he was loved and respected by family and friends. The person who is depicted in the Pre-sentence Investigation Report is not the same Drew Young who grew up in a close family, enjoyed many friendships and who elected to make public service his career when he chose to join the United States Coast Guard.

Attached hereto are letters from members of Defendant's family who describe his upbringing, relationships with family and his values. Several of these individuals will address this Court during Defendant's sentencing hearing in order to provide a proper perspective

_____

[2]If Defendant's objection number one is sustained, Defendant's requested sentence is within the advisory sentencing guideline range.

4

about the life of the individual which took a negative turn.  (Please see attached Exhibit A). As a result of this negative turn Defendant understands that he will be spending at least 15 years of his life in the custody of the Bureau of Prisons.

Title 18, United States Code, Section 3553(a) provides a non-exhaustive list of factors for this Court to take into consideration in imposing the appropriate sentence for an individual. Outlined above, and incorporated in the letters from family, are factors related to the history and characteristics of the Defendant. The 3553(a) factors also consider the need for the sentence imposed to provide medical care or other correctional treatment.

As part of his interview with his probation officer, Defendant requested that this Court recommend that he be designated to the Federal Medical Center, Devens, which is located in Ayer, Massachusetts. This is a facility with a specific and extensive sex offender program into which Defendant seeks enrollment. Defendant intends to make positive use of his time and will also strive to further his education during his term of incarceration. Finally the majority of Defendant's family members live in Massachusetts.

Defendant is a 24-year-old young man who enlisted in the United States Coast Guard in April of 2011 when he was 19 years old. He will never be able to resume his chosen career.  Defendant intends to move on after the completion of his sentence in this case and does not want to ever find himself in circumstances similar to this (or anything else criminal) for the remainder of his life.  Defendant respectfully suggests that the statutorily mandated minimum sentence of 180 months is more than sufficient to meet the statutory requirements

enumerated in 18 U.S.C. § 3553(a) and is the appropriate disposition of this case.

Accordingly Defendant respectfully requests that this Court sentence him to the mandatory minimum sentence of 15 years for the reasons cited herein.

5.      Christopher Brown, the Assistant United States attorney who is handling this matter for the government, previously advised counsel that he felt that the § 2G2.1(b)(4) enhancement did apply as to the photographs and videos; however, Mr. Brown was not available to discuss the applicability of the enhancement based upon Defendant's argument that the *offense* of conviction did not qualify for the increase to the guidelines.

6..      Cherie Audette, the United States Probation officer who prepared the Pre-sentence Investigation Report in this case, has been consulted and notes that she will submit an addendum to the report which addresses defendants objections as she deems to be appropriate.

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:      */s/ Stewart G. Abrams*
Stewart G. Abrams
Assistant Federal Public Defender
Florida Bar No.: 0371076
150 W. Flagler Street, Suite 1500
Miami, Florida 33130-1556
(305) 530-7000/(305) 530-7120, Fax
E-mail:stewart_abrams@fd.org

CERTIFICATE OF SERVICE

I HEREBY certify that on March 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              */s/ Stewart G. Abrams*
                              Stewart G. Abrams

7