UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-10013-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

DREW ALEXANDER YOUNG,

    Defendant.
_____ /

GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION
TO PRESENTENCE INVESTIGATION REPORT

The United States, by and through the undersigned Assistant United States Attorney, hereby files this response to Defendant Drew Alexander Young's ("Defendant['s]") Objections to the Pre-Sentence Investigation Report ("Def. Obj.") ([ECF No. 29]), and states as follows:

DISCUSSION

In the Pre-Sentence Investigation Report (PSI), the U.S. Probation Officer determined that Defendant's "offense involved material that portrays sadistic or masochistic conduct or other depictions of violence," and that the offense level should therefore be increased by four levels, pursuant to Section 2G2.1(b)(4) of the Guidelines. (PSI ¶ 34). Defendant objects to this four-level enhancement. Def. Obj. at 1-3. In sum, Defendant argues that his possession and distribution of depictions of sadomasochistic conduct were not part of the relevant conduct surrounding the offense of conviction. Id. For the following reasons, Defendant's objection should be overruled.

    a.   Conduct Described in PSI ¶¶ 16-17

Defendant pled guilty to using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of Title 18, United States Code, Section 2251(a) and (e). (PSI ¶¶ 1-2). In the

course of committing the offense of conviction, Defendant persuaded a fourteen-year-old[1] girl to photograph herself as she penetrated her vagina with a foreign object that the victim described as a "stick." (See PSI ¶17). The following conversation occurred between Defendant and the minor victim referenced in paragraphs 16 and 17 of the PSI:

> Defendant: Let me see those wet [expletive] lips
> Victim: [Sends image file]
> Defendant: Mmmmm
> Defendant: You want my [expletive] in you?
> Victim: Yes
> Defendant: How bad?
> Victim: So bad that I'm masterbating [sic] with a stick
> Defendant: Let me see
> Victim: [Sends image file]
> Defendant: Looks like a remote
> Victim: Its not
> Defendant: I wanna see you sucking on it
> Victim: No
> Defendant: Please
> Victim: Nooe [sic]
> Defendant: Why not?
> Defendant: Drive it deep inside your [expletive]
> Victim: Its all in

Text of February 21, 2015 Kik Messenger Chat.[2]

When calculating the Guidelines, the court should enhance the offense level by four levels "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, . . ." U.S.S.G. § 2G2.1(b)(4). Courts have previously held a minor child's self-penetration with a foreign object is sufficient to support the enhancement. In United States v. Parker, 267 F.3d 839 (8th Cir. 2001), the Eighth Circuit held: "[g]iven the plain meaning of

---

[1] When Defendant first contacted the victim, she was thirteen years old. (PSI ¶ 16). By the time she sent the image in question, the victim had turned fourteen.

[2] Given their nature, the transcript of the conversation and the corresponding image files have not been filed with this Response but will be made available for the Court's review at sentencing. The transcript of the conversation at issue was provided in discovery and the corresponding images were made available for defense counsel's review.

'violence,' it is difficult to imagine that the sexual penetration with a foreign object of a minor female would not qualify as 'violence' even if self-inflicted." Id. at 847. See also United States v. Starr, 533 F.3d 985, 1001-02 (8th Cir. 2008) (citing Parker and rejecting argument "that the absence of evidence of any pain or injury suffered on the part of [seventeen-year-old victim] prohibits the application of the enhancement."); United States v. Johnson, 784 F.3d 1070, 1074 (7th Cir. 2015) (holding image of victim penetrating herself with a screwdriver handle "connotes a degree of potential pain and violence such that the upward adjustment under § 2G2.1(b)(4) is appropriate"); cf. United States v. McDade, 399 F. App'x 520, 522-23, n.3 (11th Cir. 2010) (noting in dicta district court's finding that penetration of minor with empty beer bottle by another was sadistic conduct).

In this case, Defendant caused a child to penetrate herself with a "stick"—an object Defendant believed was a "remote [control]". It is not clear from the image what type of object the victim inserted into her vagina. However, it appears to be a black, cylindrical object several inches long and wider than 1.5 inches. Viewed objectively, it is reasonable to think that this self-penetration would have caused a child pain and humiliation. Accordingly, the enhancement should apply based on the above-described image. See, e.g. United States v. Corp, 668 F.3d 379, 389-90 (6th Cir. 2012) ("In order to apply the § 2G2.1(b)(4) enhancement, a sentencing court must determine by a preponderance of the evidence that . . . the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor.").

## **CONCLUSION**

For the foregoing reasons, Defendant's objection to the PSI should be overruled.

                        Respectfully submitted,

                        WIFREDO A. FERRER
                        UNITED STATES ATTORNEY

By:   /s/ Christopher B. Browne
        CHRISTOPHER B. BROWNE
        Assistant United States Attorney
        Southern District of Florida
        Florida Bar No. 91337
        99 Northeast 4th Street, 6th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9419
        Facsimile: (305) 536-4699
        E-mail: christopher.browne@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on April 5, 2016.

                        /s/ Christopher B. Browne
                        Assistant United States Attorney