```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
                        KEY WEST DIVISION
                    CASE NO. 15-10013-CR-JEM



  UNITED STATES OF AMERICA,

             Plaintiff,

        vs.
                                          Key West, Florida
                                          December 15, 2015
  DREW ALEXANDER YOUNG,                   Pages 1-16

             Defendant.
  _____


             TRANSCRIPT OF CHANGE OF PLEA HEARING
           BEFORE THE HONORABLE JOSE E. MARTINEZ
                 UNITED STATES DISTRICT JUDGE


  APPEARANCES:

  FOR THE PLAINTIFF:
                         United States Attorney's Office
                         BY:  JEREMY McCALL, A.U.S.A.
                         99 N.E. 4th Street
                         Miami, Florida 33132


  FOR THE DEFENDANT:
                         Federal Public Defender's Office
                         BY:  STEWART ABRAMS, A.F.P.D.
                         150 West Flagler Street
                         Miami, Florida 33130



  REPORTED BY:           DAWN M. SAVINO, RPR
                         Official Court Stenographer
                         400 N. Miami Avenue, 10S03
                         Miami, Florida  33128
                         Telephone:  305-523-5598
```

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2              COURTROOM DEPUTY:  Case number
 3   15-10013-criminal-Martinez, United States of America versus Drew
 4   Alexander Young.
 5              Counsel, please state your appearances.
 6              MR. McCALL:  Good morning, Your Honor.  Jeremy McCall
 7   standing in for Chris Browne on behalf of the United States.
 8              THE COURT:  Good morning, Mr. McCall.
 9              MR. ABRAMS:  Good morning, Your Honor.  Stewart Abrams,
10   Assistant Federal Defender, on behalf of Drew Alexander Young,
11   who is present.
12              THE COURT:  Good morning, Mr. Abrams.
13              We're here on the change of plea.  I've been advised,
14   Mr. Young, that you desire to change your plea of not guilty to
15   guilty; is that correct?
16              THE DEFENDANT:  Yes, Your Honor.
17              THE COURT:  All right.  Please stand and be sworn.
18               (Defendant sworn)
19              THE COURT:  All right, sir.  I want to advise you that
20   you're now under oath, and if you answer any questions falsely,
21   your answers may later be used against you in a separate
22   prosecution for perjury.  Perjury is a separate offense, but a
23   very serious one, sometimes more serious than the underlying
24   offense.
25              Do you understand that?
```

THE DEFENDANT: Yes, Your Honor.

THE COURT: I'm going to ask you a series of questions to make sure that you understand these proceedings. It's very important that if you do not understand the question, you don't answer it. You stop, you ask your lawyer, you ask me, between the two of us, I'm sure we'll be able to explain everything to your complete satisfaction so that you fully understand it.

If you do answer a question, I would assume that you understood it, and I believe anyone reading the record that's being made of these proceedings at a later time would be within their rights to assume that if you answered a question, you understood it.

So in short, if you don't understand, stop, don't answer.

Do you understand what I just said?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Please tell me your full name.

THE DEFENDANT: Drew Alexander Young.

THE COURT: What is your age?

THE DEFENDANT: 24.

THE COURT: What is the extent of your formal education?

THE DEFENDANT: I have one year of college education behind me.

THE COURT: Have you ever been treated for any mental

```
 1    illness?
 2           THE DEFENDANT:  No, Your Honor.
 3           THE COURT:  Have you ever been treated for any drug
 4    addiction?
 5           THE DEFENDANT:  No.
 6           THE COURT:  Are you presently under the influence of
 7    any type of drug, medication or alcoholic beverage?
 8           THE DEFENDANT:  No, I am not.
 9           THE COURT:  Have you received a copy of the indictment
10    pending against you, that is the written charges?
11           THE DEFENDANT:  Yes, Your Honor.
12           THE COURT:  Have you had the opportunity to fully
13    discuss these charges and the case in general with your
14    attorney?
15           THE DEFENDANT:  Yes.
16           THE COURT:  Are you fully satisfied with the
17    representation and advice given to you in this case by your
18    attorney?
19           THE DEFENDANT:  Yes, I am.
20           THE COURT:  Mr. Abrams, are you satisfied that your
21    client understands these proceedings?
22           MR. ABRAMS:  Yes, Your Honor.
23           THE COURT:  Mr. Young, there are certain rights that
24    you waive, or give up, by entering plea of guilty.  I'm not
25    suggesting there's anything wrong with doing that; in fact,
```

often it's the right thing to do after you've had the opportunity to discuss it with your lawyer and get his advice.

But I don't want somebody at a later time to come in and say well, for example, he didn't know he was giving up his right to a trial by jury, or he didn't know he could call witnesses, or something like that. So I'm going to go through some of these rights with you now and make sure that you understand that you are waiving them, or giving them up, by entering a plea of guilty.

For example, do you understand that you have the right to plead not guilty to any offense charged against you and to persist in that plea of not guilty as long as you want?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that you would have the right to a trial by jury, during which you would also have the right to the assistance of counsel for your defense?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you have the right to see and hear all the witnesses against you and have them cross-examined in your defense?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that you have the right not to testify, but that you may voluntarily elect to testify in your own defense, but that only you can make that decision. Not your lawyer, not your friends, not any codefendants, not anybody

1  except you?
2         THE DEFENDANT:  I understand, Your Honor.
3         THE COURT:  Do you understand that you have the right
4  to the issuance of subpoenas, or compulsory process, to compel
5  the production of persons and objects here for the purpose of
6  your defense?
7         THE DEFENDANT:  Yes.
8         THE COURT:  Do you understand that you may have
9  witnesses testify in your defense?
10        THE DEFENDANT:  Yes, I do.
11        THE COURT:  Do you understand that by entering your
12 plea of guilty, if I accept that plea, there will be no trial,
13 and you will have waived, or given up, your right to a trial, as
14 well as all other rights associated with a trial, some of which
15 I have just described to you?
16        THE DEFENDANT:  Yes, I do.
17        THE COURT:  Do you understand that the offense to which
18 you are pleading guilty is a felony?
19        THE DEFENDANT:  Yes.
20        THE COURT:  If I accept your plea, you will be adjudged
21 guilty of a felony, and such adjudication may deprive you of
22 valuable civil rights, such as the right to vote, the right to
23 hold public office, the right to serve on a jury, the right to
24 possess any kind of firearm, and if you are you an alien, that
25 you may be subject to deportation?

```
 1              THE DEFENDANT:  I understand, Your Honor.
 2              THE COURT:  Would the government please advise me of
 3   the maximum penalty provided by law and any mandatory minimum
 4   penalty.
 5              MR. McCALL:  Yes, Your Honor.  For a violation of Title
 6   18, United States Code, Sections 2251 A and B, the maximum term
 7   of imprisonment is 30 years; the mandatory minimum term of
 8   imprisonment is 15 years; supervised release of five years to
 9   life; a fine of $250,000; mandatory restitution and a special
10   assessment of $100.
11              THE COURT:  All right, sir.  You heard what the
12   government said.  Do you understand that's what you're exposing
13   yourself to with your plea of guilty?
14              THE DEFENDANT:  Yes, Your Honor.
15              THE COURT:  The United States Sentencing Commission has
16   issued advisory guidelines for judges to consider in determining
17   an appropriate sentence in a criminal case.  Have you and your
18   attorney talked about how the sentencing guidelines might apply
19   to your case?
20              THE DEFENDANT:  Yes, Your Honor.
21              THE COURT:  Do you also understand that after it's been
22   determined what guidelines apply to your case, I have the
23   authority to impose a sentence that is more severe or less
24   severe than the sentence called for by the guidelines?
25              THE DEFENDANT:  Yes, Your Honor.
```

1           THE COURT:  Do you understand that parole has been
2  abolished in the federal system?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Would the government please summarize the
5  count of the indictment to which the defendant is pleading and
6  state the elements?
7           MR. McCALL:  Yes, Your Honor.  Count 1 of the
8  indictment states that on or about February 1, 2015 in Monroe
9  County, in the Southern District of Florida and elsewhere, the
10 defendant, Drew Alexander Young, also known as "Drew Y", also
11 known as "dyshizz1", did use, persuade, induce, entice and
12 coerce a minor to engage in sexually explicit conduct for the
13 purpose of producing a visual depiction of such conduct, and
14 that visual depiction was produced using materials, that is a
15 Samsung Galaxy S5 cellular telephone that had been mailed,
16 shipped and transported by interstate and foreign commerce by
17 any means, and such visual depiction had actually been
18 transported and transmitted using any means of facility of
19 interstate and foreign commerce in violation of Title 18 United
20 States Code Sections 2251 A and E.
21          The elements of that offense are that at the time of
22 the indictment, the victim was under the age of 18 years; the
23 defendant employed, used, persuaded or coerced a victim to take
24 part in sexually explicit conduct for the purpose of producing
25 of such conduct, and the visual depiction was produced using

```
 1       materials that had been mailed, shipped, transported across
 2       state lines or in foreign commerce or such visual depiction had
 3       actually been transported and transmitted using any means of
 4       facility of interstate and foreign commerce, and/or affecting
 5       interstate and foreign commerce.
 6               THE COURT:  Sir, do you understand -- you heard what
 7       the government said.  Do you understand that that's what you're
 8       pleading guilty to?
 9               THE DEFENDANT:  Yes, Your Honor.
10               THE COURT:  Would the government make a representation
11       concerning the facts you would be prepared to prove at trial.
12               MR. McCALL:  Yes, Your Honor.
13               Were this case to proceed to trial, the government
14       would prove beyond a reasonable doubt that on or about May 19,
15       2015, the US Coast Guard applied for a search authorization from
16       a military judge.  The military judge found probable cause to
17       believe that the defendant's cellular telephones and other
18       electronic devices contained evidence of the violations of the
19       Uniform Code of Military Justice relating to child pornography.
20       The authorization specifically authorized a search of all social
21       messaging type accounts and internet browser histories.
22               Thereafter, agents executed the search authorization
23       and searched the defendant's Samsung Galaxy S5 cellular
24       telephone, which was manufactured outside of the United States.
25       Forensic analysts found over 20 video files containing suspected
```

```
 1     child pornography on the Samsung Galaxy S5.  Analysts also found
 2     a number of sexually explicit Kik Messenger chats between the
 3     defendant and females who appeared to be under the age of 17.
 4     Kik Messenger is a web-based instant messaging application.  The
 5     defendant's Kik Messenger user name was "dshizz1".  His Kik
 6     Messenger nickname, which was displayed on outgoing chats, was
 7     "Drew Y", the defendant's first name and last initial.
 8              During their review of the Kik Messenger chats,
 9     investigators discovered a February 1, 2015 chat between the
10     defendant and a 13 year old Kik Messenger user, hereinafter
11     identified as Victim 1.  During the course of that chat, Victim
12     1 told the defendant that she was 13 years old.  The defendant
13     repeatedly asked for pictures of Victim 1's vagina.  In
14     response, Victim 1 transmitted two sexually explicit pictures of
15     her vagina.
16              On September 3, 2015, the defendant was taken into
17     custody and was read his Miranda rights, which he waived. In an
18     audio and video recorded interview, the defendant admitted that
19     he used the Kik Messenger application under the user name
20     "dshizz1" to communicate with minors and to solicit sexually
21     explicit photographs from them.  The defendant also told agents
22     that he had attempted to meet underage girls using Kik
23     Messenger.
24              During a subsequent interview with Victim 1,
25     investigators confirmed that Victim 1 was 13 years old at the
```

```
 1      time of the February 1st Kik Messenger chat with the defendant.
 2      Investigators confirmed Victim 1 was a Kik Messenger user.
 3              THE COURT:  Go ahead.  I'm sorry.
 4              MR. MCCALL:  The parties agree that these facts, which
 5      do not include all facts known to the government and the
 6      defendant, are sufficient to prove beyond a reasonable doubt the
 7      defendant's guilt with respect to Count 1 of the indictment.
 8              THE COURT:  All right, sir.  You heard what the
 9      government said.  Do you believe if this case were to go to
10      trial, they could actually prove all of that?
11              THE DEFENDANT:  Yes, Your Honor.
12              THE COURT:  Is it true?
13              THE DEFENDANT:  Yes, it is.
14              THE COURT:  All right.  I have here a three page
15      document that basically has the same facts.  In the third page,
16      there appear to be three signatures; that of this Assistant US
17      Attorney for Christopher Browne; that of your attorney
18      Mr. Abrams, and what appears to be your signature.
19              Is that your signature?
20              THE DEFENDANT:  Yes, Your Honor.
21              THE COURT:  Before you signed it, did you read it?
22              THE DEFENDANT:  Yes, I did.
23              THE COURT:  Do you believe you understood it?
24              THE DEFENDANT:  Yes, Your Honor.
25              THE COURT:  By signing it, were you acknowledging that
```

1  it was true?

2  THE DEFENDANT:  Yes.

3  THE COURT:  I'll have this marked as an exhibit and
4  attached to the file.

5  Would the government summarize the essential terms of
6  the written plea agreement, "summarize" being the operative
7  word.

8  MR. McCALL:  Yes, Your Honor.  The government, in
9  exchange for a plea of guilty from the defendant, agrees to
10  dismiss Counts 2 and 3 of the indictment.  At the time of
11  sentencing, the government recommends two levels of reduction
12  and if at the time of sentencing, the defendant's calculated
13  guidelines number is 16 or greater, the government will
14  recommend a third point.

15  The government will recommend to the court a sentence
16  in the lower half of the calculated guideline range, and the
17  parties also jointly agree to recommend Federal Detention Center
18  Devens in Massachusetts as a place of confinement.

19  THE COURT:  All right, sir.  There's no waiver of
20  appeal, is there?

21  MR. ABRAMS:  No, sir.

22  MR. McCALL:  No, Your Honor.

23  THE COURT:  All right.  Is that your general
24  understanding of the plea agreement, Mr. Young?

25  THE DEFENDANT:  Yes, Your Honor.

```
 1              THE COURT:  All right.  I have here a six-page
 2   document, says it's a plea agreement.  On the last page there
 3   appear to be the same three signatures we just spoke about.  Is
 4   that your signature on the last page?
 5              THE DEFENDANT:  Yes, Your Honor.
 6              THE COURT:  Before you signed it, did you read it?
 7              THE DEFENDANT:  Yes, Your Honor.
 8              THE COURT:  Did you discuss it with your lawyer?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  All right.  I'll have this marked as an
11   exhibit and attached to the file.
12              Let me ask you this, other than what's contained in
13   these six pages, is there any different or other promises or
14   assurances made to you of any kind, or is this the entire
15   agreement between you and the United States?
16              THE DEFENDANT:  That is the entire agreement in your
17   hand, Your Honor.
18              THE COURT:  All right.  You understand that any
19   recommendations that are made to me are just that,
20   recommendations, and I don't have to accept them?
21              THE DEFENDANT:  Yes, Your Honor.
22              THE COURT:  Do you understand that if I don't accept
23   any sentence recommendation in your plea agreement, you'll still
24   be bound by your plea and have no right to withdraw it?
25              THE DEFENDANT:  Yes.
```

```
 1              THE COURT:  Do you understand that if the sentence is
 2   more severe than you expected it to be, you will still be bound
 3   by your plea and have no right to withdraw it?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  Has anyone attempted in any way to force
 6   you to plead guilty, threatened or coerced you?
 7              THE DEFENDANT:  No, Your Honor.
 8              THE COURT:  How do you now plead to -- what is it?
 9   Count 1?
10              MR. McCALL:  Yes, Your Honor.
11              THE COURT:  How do you now plead to Count 1 of the
12   indictment pending against you?  Guilty or not guilty?
13              THE DEFENDANT:  Guilty, Your Honor.
14              THE COURT:  It is the finding of this court in the case
15   of the United States versus Drew Alexander Young that the
16   defendant is fully competent and capable of entering an informed
17   plea; that his plea of guilty is a knowing and voluntary plea
18   supported by an independent basis in fact containing each of the
19   essential elements of the offense.
20              His plea is therefore accepted, he is now adjudged
21   guilty of Count 1 of the indictment pending against him.
22              A written presentence report will be prepared by the
23   probation office to assist me in sentencing you.  You will be
24   asked to give information for the report and your attorney may
25   be present if you so desire.  I will permit you and your counsel
```

1  to read the presentence report before the sentencing hearing,
2  and you'll be given an opportunity to speak at that hearing
3  which I'm hereby scheduling for Tuesday, April 5, 2016 at 1:30
4  p.m. here in this courtroom.
5      Counsel is advised to comply with administrative orders
6  regarding implementation of sentencing procedures, particularly
7  time periods within those orders.
8      I refer you to the probation office for a presentence
9  investigation and report.
10      Counsel, if you have any specific requests for
11  treatment modalities or place of incarceration, I know there's
12  one in the plea agreement or it was mentioned, I will be happy
13  to include it if you mention it during the probation report.
14      All right?  We'll be in recess on this matter.
15      MR. ABRAMS:  Thank you, Your Honor.
16      (PROCEEDINGS CONCLUDED)
         * * * * *

**C E R T I F I C A T E**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

5-27-2016                /s/ Dawn M. Savino
Date                     DAWN M. SAVINO, RPR